IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA      *
                              *
         vs.                  *     CR 109-035-3
                              *
WILLIE DAVIS ROYAL            *
```

# O R D E R

On October 14, 2015, this Court denied Defendant relief under 18 U.S.C. § 3582(c)(2) after a thorough review of the applicability of Amendment 782 to the United States Sentencing Guidelines. This Court concluded that Amendment 782 had no effect upon Defendant's sentence because he was sentenced as a career offender and not under the amended drug quantity table. Nevertheless, Defendant recently filed a motion for reduction of sentence on the same grounds.

Through Defendant's present motion, he takes issue with his designation of career offender because the Court granted at sentencing a substantial assistance motion filed by the government under U.S.S.G. § 5K1.1.

Defendant's applicable guideline range of 188 to 235 months was determined as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. Amendment 782 only amended § 2D1.1 of the Guidelines, not § 4B1.1. Defendant is correct that he was granted a § 5K1.1 downward departure when he was

sentenced to 144 months imprisonment.  However, his argument misapprehends the nature of a § 5K1.1 departure.  A § 5K1.1 departure does not change the fact that his original applicable guideline range of 188 to 235 months, from which this Court departed, was calculated pursuant to § 4B1.1, not the amended § 2D1.1.  That is to say, although the Court departed downward at sentencing, the applicable guideline range remains the original pre-departure range.  See United States v. Ballew, 619 F. App'x 985 (11th Cir. 2015) (stating that a district court's decision to vary downward has nothing to do with the applicability of Amendment 782); United States v. Smiley, 356 F. App'x 302 (11th Cir. 2009) ("The district court's subsequent § 5K1.1 downward departure was a departure *from* the applicable guideline range and did not provide a new guideline range." (emphasis in original)).

In short, Defendant's present motion fails to show that he was not sentenced as a career offender.  Thus, Defendant simply is not entitled to relief based upon Amendment 782.  Defendant's motion to reduce (doc. 195) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of July, 2016.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

2