IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-035 |
| | * | |
| WILLIE D. ROYAL | * | |

**O R D E R**

On August 29, 2016, Defendant Willie D. Royal filed a "Motion Requesting a Judicial Recommendation" asking this Court to recommend to the Bureau of Prisons that he be placed in a half-way house for the maximum time allowed, i.e., twelve months.

Royal pled guilty to distribution of over 5 grams of cocaine base on October 29, 2009. Royal was determined to be a career offender at sentencing; nevertheless, the Court granted a substantial downward departure pursuant to the Government's motion under U.S.S.G. § 5K1.1. More specifically, though Royal's guideline range was 188 to 235 months of imprisonment, he was sentenced to serve 144 months.

The "primary authority to designate [a] defendant's manner and place of confinement at any stage during execution of his prison sentence rests with the Bureau of Prisons, not with the Court."[1] United States v. Morales-Morales, 985 F.

---

[1] Royal invokes the Second Chance Act of 2007 in his motion. "The Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the

Supp. 229, 231 (D.P.R. 1997). The proper vehicle to challenge the *execution* of a sentence, rather than the *validity* of the sentence itself, is a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Kinsey, 393 F. App'x 663, 664 (11th Cir. 2010); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008); Veneziano v. Grayer, No. 1:07-CV-2047 TW, 2008 WL 542638, at *2 (N.D. Ga. Feb. 22, 2008) ("An aspect of the execution of a federal prisoner's sentence is the BOP's choice of his place of confinement.") (citations omitted). That said, even if the Court liberally construes Royal's motion to be a § 2241 petition, his claim must be dismissed for lack of jurisdiction because he did not file it in the district in which he is incarcerated — the United States District Court for the Western District of Louisiana. See United States v. Pruitt, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the district in which the inmate is incarcerated.") (citation and internal quotation marks omitted).

Moreover, the Court declines to provide the requested recommendation letter to the Bureau of Prisons. This Court sentenced Royal pursuant to the Sentencing Reform Act of 1984

---

authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court." United States v. Squire, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012).

and fully weighed the 18 U.S.C. § 3553(a) factors. It adheres to the letter *and spirit* of the rule that it may not modify a term of imprisonment once it has been imposed, except where expressly permitted. See 18 U.S.C. § 3582. To make gratuitous judicial recommendations at the post-conviction stage too closely resembles reconsideration of the sentence that the Court already carefully considered. This the Court is unwilling to do. Besides, with the substantial reduction already given to Royal, the Court is not convinced that it need show any further leniency.

For these reasons, the Court **DENIES** Royal's "Motion Requesting a Judicial Recommendation." (Doc. 197.)

**ORDER ENTERED** at Augusta, Georgia, this 20th day of September, 2016.

*[Signature]*
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3