IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-035-03 |
| | * | |
| WILLIE DAVIS ROYAL | * | |

## O R D E R

On October 29, 2009, Defendant Willie Davis Royal pleaded guilty to distribution of over 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to serve 144 months imprisonment. Royal did not appeal his sentence.

Presently, Royal has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 794 to the United States Sentencing Guidelines. Amendment 794 provides new guidance for the determination of whether a defendant should be granted a mitigating role reduction under U.S.S.G. § 3B1.2.

Section 3582(c)(2) allows a court to modify an imposed term of imprisonment if a defendant's sentencing range has been subsequently lowered by the Sentencing Commission. However, this provision is only triggered by an amendment listed in U.S.S.G. § 1B1.10(d). ("In determining whether, and to what extent, a reduction in the defendant's term of

imprisonment under 18 U.S.C. § 3582(c)(2) . . . is warranted, . . . the court shall substitute **only** the amendments listed in subsection (d) . . . and shall leave all other guideline application decisions unaffected" (emphasis added).). Amendment 794 is not a listed amendment in U.S.S.G. § 1B1.10(d).[1] Consequently, even assuming Royal's conduct would otherwise qualify him for a "minor role" reduction, Amendment 794 is not available to him retroactively in the post-conviction context.[2]

Upon the foregoing, Royal's motion to reduce sentence (doc. 199) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of February, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Indeed, the Sentencing Commission stated that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

[2] The cases cited by Royal (United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), and United States v. Cruickshank, 837 F.3d 1182 (11th Cir. 2016)) are inapplicable because they held that Amendment 794 may be applied retroactively to **direct appeals**. There is no authority that Amendment 794 may be applied in a post-conviction context.

2